UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC JEROSD ANTHONY,

           Petitioner,

v.                                     CIVIL ACTION NO. 04-CV-72710-DT
                                     HONORABLE DENISE PAGE HOOD

RAYMOND BOOKER,

           Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Before the Court is Petitioner's Motion for Relief from Judgment, brought pursuant to Federal Rule of Civil Procedure 60(b), concerning this Court's dismissal of his habeas corpus petition. Petitioner asserts that the Court erred in concluding that his habeas petition is barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). Essentially, Petitioner claims that the statute of limitations should not bar his petition because his underlying claims concerning the effectiveness of appellate counsel are "jurisdictional" and have merit.

Although Petitioner brings his motion pursuant to Rule 60(b), his motion actually seeks reconsideration of the Court's ruling dismissing his petition. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Further, even if the Court considers Petitioner's motion as one brought pursuant to Federal Rule of Civil Procedure 60(b), he is not entitled to relief. Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

Having reviewed the pleadings, this Court concludes that it did not err in dismissing his habeas petition for failure to comply with the one-year statute of limitations. Petitioner has not established that relief is warranted under the standards set forth in Rule 60(b). His ineffective assistance claims are not jurisdictional and their merit or lack of merit is not pertinent to the court's procedural determination. Petitioner is not entitled to relief from judgment in this case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion is **DENIED**.

    /s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED:   June 28, 2005